UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROWE ENTERTAINMENT, et al.

      Plaintiffs,

   - against -

THE WILLIAM MORRIS AGENCY INC.,
et al.

      Defendants.
-------------------------------------------------------------X

98 CV 8272 (RPP)

**OPINION & ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

  On November 8, 2012, this Court denied pro se Plaintiff Leonard Rowe's ("Mr. Rowe") motion, filed pursuant to Rule 60 of the Federal Rules of Civil Procedure, for relief from a February 7, 2005 judgment of this Court, Rowe Entm't, Inc., et al. v. William Morris Agency, Inc., et al., No. 98 CV 8272, 2005 WL 22833, at *87 (S.D.N.Y. Jan. 5, 2005), which had been affirmed on appeal, 167 F. App'x 227 (2d Cir. 2005), cert. denied, 549 U.S. 887 (2006). In its Opinion and Order, the Court noted that while Mr. Rowe's Rule 60 motion was pending, he had served two improper discovery requests. See Rowe Entm't, Inc., et al. v. William Morris Agency, Inc., et al., No. 98 CV 8272, 2012 WL 5464611, at *22 (S.D.N.Y. Nov. 8, 2012). After the first, the Court informed Mr. Rowe that since the Court had not granted his Rule 60 motion, he lacked standing to demand discovery and advised him that "during the pendency of this motion, any further actions of this type will be considered sanctionable." Id. (quoting (Order, ECF No. 778, June 12, 2012)). Nevertheless, Mr. Rowe ignored this advice and subsequently served another improper discovery request. Id. The Court stated that it was "inappropriately filed and [would] not be considered by the Court," but did not impose sanctions. Id.

1

The Court's November 8, 2012 Opinion and Order also recognized that Mr. Rowe has engaged in a pattern of leveling baseless accusations against his former SNR Denton attorneys (the "SNR attorneys"). He has charged the SNR attorneys with racism, corruption, and fraud in the action filed in this Court, as well as in complaints submitted to the State bar disciplinary authorities, a book he self-published, statements made on Roseanne Barr's radio show,[1] a video posted on the Internet, and a letter sent to SNR's managing attorney. See id. at *14, 22-23. One of the SNR attorneys, Raymond J. Heslin ("Mr. Heslin"), sought sanctions against Mr. Rowe for his behavior. See id. at 22. Accordingly, the Court, pursuant to Rule 11(c)(3), ordered Mr. Rowe to show cause why sanctions should not be entered against him and to provide the Court with a certified financial statement of his assets and liabilities. Rowe, 2012 WL 5464611, at *23. The Court also ordered the SNR attorneys to advise the Court if they sought damages, and, if so, what damages they suffered as a result of Mr. Rowe bringing his Rule 60 action. Id.

On December 13, 2012, Mr. Rowe filed a sworn two-page "Balance Sheet/Statement of Net Worth" listing $19,504.63 in assets and $1,450,000.00 in total liabilities. On that same date, two of the SNR attorneys – Martin R. Gold ("Mr. Gold") and Raymond J. Heslin ("Mr. Heslin") – filed declarations. In his declaration, Mr. Gold suggested, citing Rule 11(c)(4), that the Court should "affix[] non-monetary sanctions, and monetary sanctions payable to the Court, both of which we believe are necessary to 'deter repetition of [Mr. Rowe's] conduct.'" (Decl. of Martin R. Gold ("Gold Decl.") ¶ 2, Dec. 5, 2012.)

In support of his request for sanctions, Mr. Gold states that Mr. Rowe has "continued his egregious conduct against the SNR Attorneys, amplified his attacks against the Court, and publicly expressed his intention to commence additional litigation in other forums." (Id. ¶ 3.)

---

[1] In the taped interview, Mr. Rowe also accuses this Court of racism and corruption. See id. at *12 n.16.

2

Mr. Rowe filed his first complaint against Mr. Gold and Mr. Heslin with the New York State Departmental Disciplinary Committee ("DDC") for the First Judicial Department on April 6, 2010.  See Rowe, 2012 WL 5464611, at *14.  It was dismissed.[2]  See id.; (Gold Decl. ¶ 4.)  According to Mr. Gold, on July 19, 2012, Mr. Rowe filed a second disciplinary "complaint with the DDC against Mr. Heslin and me, as well as the other SNR Attorneys making essentially the same claims as his earlier compliant."[3]  (Gold Decl. ¶ 5.)  Mr. Gold states that on September 4, 2012, the DDC notified Mr. Rowe that there was "not sufficient basis to warrant further action." (Id. ¶ 6.)  On September 21, 2012, Mr. Rowe filed a request for reconsideration with the DDC, repeating his allegations and "accusing the DDC of 'whitewashing' the evidence."  (Id. ¶ 7.)  Mr. Gold asserts that Mr. Rowe "wrote additional letters to the DDC on September 28, October 9, and October 10" further complaining about him.  (Id.)

In addition to filing disciplinary complaints against his former SNR attorneys, Mr. Rowe also contacted SNR's "General Commercial Liability carrier and 'reported a claim' for legal malpractice and criminal conduct, asserting the same spurious allegations which have been rejected by this Court."  (Id. ¶ 8.)  The carrier denied Mr. Rowe's claim.[4]  (Id.)  Furthermore, Mr. Rowe has reportedly publicly attacked the SNR attorneys and this Court by posting a half-hour long video of a telephone call between himself and another person[5] on YouTube.com and at least one other website in which Mr. Rowe apparently states, inter alia, that this Judge is a corrupt

---

[2] Because Mr. Gold is a member of the DDC for the First Judicial Department, Mr. Rowe's first disciplinary complaint was transferred to the DDC for the Second Judicial Department, which dismissed the complaint.

[3] Mr. Gold does not specify whether this disciplinary complaint was filed with the DDC for the First Judicial Department or the Second.

[4] According to Mr. Gold, his firm's insurance information "is not publicly available," and he does not know how Mr. Rowe found it.  (Gold Decl. ¶ 8.)

[5] Mr. Gold states that "we believe [this other person is] Marcus Washington."  (Gold Decl. ¶ 9.)

racist being paid by the SNR attorneys and should be imprisoned, that this entire district court is corrupt, and that "'[w]e're not stopping; he can sanction me all he want to; I don't worry about him sanctioning me . . . .'" (Id. ¶ 9.)

In regard to monetary damages, Mr. Gold states that although he has not "personally retained outside counsel in this matter or expended any legal fees," responding to Mr. Rowe's attacks has required "substantial effort" from him and his "firm's Internal Office of General Counsel." (Id. ¶ 11.) Mr. Gold values the amount of time he has spent on this matter at $22,477.50.[6] (Id. ¶ 14.) Mr. Heslin values the amount of time he has spent responding to Mr. Rowe's attempts to re-open the case at $15,000.[7] (Decl. of Raymond J. Heslin ("Heslin Decl.") ¶ 3, Dec. 4, 2012.) Mr. Gold and Mr. Heslin do not request reimbursement, but rather provide these figures as a guide for monetary damages payable to the Court.

As a non-monetary sanction, "the SNR Attorneys request entry of an order prohibiting Mr. Rowe from commencing any judicial or quasi-judicial proceedings against any [of] the current or former SNR Denton Attorneys, or their law firms, without prior leave of this Court." (Id. ¶ 3 (citing Rosario v. Receivable Mgmts. Servs. Corp., 11 CV 8720, 2012 WL 2359874 (S.D.N.Y. June 21, 2012), and Jaffer v. Patterson, 93 CV 3452, 1994 WL 471459 (S.D.N.Y. Sept. 1, 1994))). The relevant case law in this Circuit indicates, however, that orders requiring parties to secure prior leave from the court before filing further actions have been issued when the offending party has filed multiple frivolous motions or actions. See, e.g., In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994); Martin-Trigona v. Lavien, 737 F.2d 1254 (2d Cir. 1984); In re Hartford Textile Corp., 681 F.2d 895, 897 (2d Cir. 1982); Rosario, 2012 WL 2359874, at *5-7;

---

[6] Mr. Gold arrives at this figure by multiplying the 24.3 hours he has spent on the matter, (see id. ¶ 13), by $925, his "standard billing rate during the relevant time period," (see id. ¶ 14).

[7] Mr. Heslin states that he has spent 16 hours litigating these issues, (Heslin Decl. ¶ 2), and "[b]ased on my last billing rate ($800) at SNR in 2008, the value of my time expended on this matter amount to approximately $13,000. At current rates in 2012, I would estimate that the value of my time would amount to $15,000," (id. ¶ 3).

Malcolm v. Board of Ed. of the Honeoye Falls-Lima Cent. Sch. Dist., 737 F. Supp. 2d 117, 120-21 (W.D.N.Y. 2010); Jaffer, 1994 WL 471459, at *4. Here, Mr. Rowe has only filed one unsupported Rule 60 motion and two discovery requests for which he lacked standing. Accordingly, an order requiring Mr. Rowe to obtain this Court's permission before filing further actions is not warranted under case law in this Circuit.

As for monetary sanctions, Mr. Rowe's sworn financial statement indicates that he is heavily in debt and has very little money in hand. Under the circumstances, levying a monetary sanction against him could be unduly harsh and is therefore inappropriate. In sum, although Mr. Rowe has repeatedly made outrageous, offensive, and unfounded accusations of corruption and racism against his former attorneys and this Judge, Court-ordered sanctions against him do not appear to be warranted at this time.

Accordingly, for the reasons stated above, the SNR attorneys' request for sanctions pursuant to Rule 11(c)(3) is hereby denied.

IT IS SO ORDERED.

Dated: New York, New York
January 17, 2013

_____
Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Order were sent via mail & email to:**

*Plaintiff, proceeding pro se:*

**Leonard Rowe**
1006 Bay Tree Dr.
Johns Creek, GA 30097
Ph: (404) 374-1370
Email: roweentertain@aol.com

**Copies of this Order were sent via fax to:**

*Mr. Rowe's former attorneys:*

**Martin Roth Gold**
SNR Denton US LLP (NY)
1221 Avenue of the Americas
New York, NY 10020
Ph: (212) 398-8701
Fax: (212) 768-6800

**Raymond Heslin**
West End Financial Advisors LLC
333 East 66th Street
New York, NY 10065
Ph: (917) 941-4301
Fax: (212) 734-0986

**Christine Lepera**
Mitchell Silberberg & Knupp LLP (NY)
12 East 49th Street, 30th Floor
New York, NY 10017
Ph: (917) 546-7703
Fax: (917) 546-7673

**Richard Primoff**
Securities and Exchange Commission (NY)
3 World Financial Center, 4th Floor
New York, NY 10281
Ph: (212) 336-0148
Fax: (703) 813-9562